ANNE REESE, Respondent, *v.* WILLIAM SMYTH, Superintendent, etc., et al., Appellants.

(Argued January 29, 1884; decided February 26, 1884.)

THIS action was brought to determine the rights of the parties and to procure a distribution of a fund in the hands of the superintendent of the insurance department of this State, deposited by the National Life Insurance Company to secure its policy-holders. The appeal was from judgment of General Term, affirming a judgment of Special Term, confirming the report of a referee appointed under an interlocutory judgment to determine the persons entitled to share in the fund, and to value the outstanding policies and directing distribution in accordance with the report.

The only point raised upon the trial was that the referee erred in the valuation of the outstanding policies.

To the report of the referee was attached schedules showing

in detail the outstanding policies, and their values, respectively. The report did not state the principle adopted in computing the values, but simply that the referee examined on oath one Mortimore, an actuary, as to such value, and that on the proofs taken and the report of the actuary, he finds as matters of fact the values to be as stated in the schedules. The report of the actuary was not included in the case. The court say : "There is nothing, so far as we can discover, in this report or the other papers forming part thereof which presents any question of law in respect to the valuation of the policies in question." \* \* \*

" We are unable to see how this question is presented by the case before us. It does not show what tables were used to value the policies, and there is no finding by the referee as to the principle upon which the valuations were made, but these valuations are simply reported as matters of fact found by the referee upon the testimony and report of the actuary and other proofs taken on the reference. It would be contrary to settled rules to look into the testimony and search there for material to found an allegation of error not apparent upon the face of the report.

"The appellants have sought to supplement the case by adding in an appendix a copy of an affidavit of the actuary stating the method of calculation adopted by him in computing the valuations. This affidavit is verified under date of the 12th of February, 1881, and appears to have been filed on the 18th of May, 1881, after the case was brought to a hearing at the Special Term, and is accompanied by a certificate of the clerk of Kings county that it is a transcript of an original filed in his office. It does not constitute part of the judgment-roll and is not referred to in the judgment at Special Term, nor is there any thing to show that it was ever before the court below. This mode of raising a question for review on appeal is quite unknown in practice. The affidavit forms no part of the referee's report, but was made long after that report was made and filed. It could not legitimately have been considered in the appeal to the General Term and does not appear to have been in fact before it, and it has no proper place in the case on appeal to this court."

*Raphael J. Moses, Jr.*, for appellants.

*Wm. H. Ingersoll* for respondent.

RAPALLO, J., reads for affirmance.
All concur.
Judgment affirmed.